UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIO CAICEDO and CARLOS CAICEDO,
JR., as Co-Personal Representatives of The
ESTATE of CARLA STEFANIAK,

    Plaintiffs,

v.                                                             Case No. 8:19-cv-147-T-27CPT

AIRBNB, INC., and VILLA LE MAS a/k/a
LA MARES a/k/a VILLA BUENA VISTA,

    Defendants.
_____/

## ORDER

Before the Court are Plaintiffs' Amended Motion to Remand, Motion for Costs, and Memorandum of Authorities in Support Thereof (Dkt. 4); and Defendant AIRBNB, INC.'s response in opposition (Dkt. 8). Upon consideration, Plaintiffs' motion (Dkt. 4) is **DENIED**.

Plaintiffs originally filed this action in state court alleging negligence (Counts I & IV), vicarious liability (Counts II & V), negligent hiring/retention (Count III & VI), and violation of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") (Count VII). See (Dkt. 1-1). Defendant AIRBNB, Inc. timely removed this action based on federal question jurisdiction. (Dkt. 1, ¶ 5) ("This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs allege a claim under the Racketeering and Corrupt Organizations Act (RICO), 15 U.S.C. § 1961 *et. seq.*").

1

Plaintiffs contend that remand is "required because removal is improper." (Dkt. 4, ¶ 5). Specifically, as to federal question jurisdiction, Plaintiffs contend that "§ 1964(c)'s grant of federal jurisdiction over civil RICO claims is plainly permissive and thus does not operate to oust state courts from concurrent jurisdiction." (Dkt. 4 at p. 13). This argument is contrary to Circuit precedent. This Circuit has held that "that where Congress has granted concurrent jurisdiction to state and federal courts, removal is not barred." *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1264 (11th Cir. 1998).

An action initially commenced in state court may be removed if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). Federal courts are vested with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For an action to 'arise under' federal law, a federal question must appear on the face of the well-pleaded complaint. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988). "[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff—be it the initial complaint or a later received paper—and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007).

It is apparent from the face of the Complaint (Dkt. 1) that Plaintiffs purport to plead a violation of RICO[1], over which federal courts have original jurisdiction. This action was therefore

---

[1] "At all times material hereto, the actions of Defendant, AIRBNB, as set forth herein constitute unlawful conduct is [sic] in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d)." (Dkt. 1-1, at p. 21 ¶ 104). RICO is codified in 18 U.S.C. §§ 1961-1968.

2

properly removed.[2] *See* 28 U.S.C. § 1441(a); *Christianson*, 486 U.S. at 808-09; *Lowery*, 483 F.3d at 1213.

**DONE AND ORDERED** this 25th day of March, 2019.

/s/ Whittemore
_____
JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[2] Defendant also asserted diversity jurisdiction (Dkt. 1, ¶ 7). Whether this action was properly removed based on diversity jurisdiction need not be addressed, since federal question jurisdiction exists. *See Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999) ("[A]ny civil action brought in state court may be removed to federal court by the defendant so long as the federal court has original jurisdiction over the case under either federal question or diversity jurisdiction.").